UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE ROBERT BLAIR. CDCR #F-81619,<br><br>                    Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER HERRERA-SALAZAR, et al.,<br><br>                    Defendant. | Case No.: 19cv1261-DMS(KSC)<br><br>**REPORT AND RECOMMENDATION RE DEFENDANT'S MOTION TO DISMISS [Doc. No. 10.]** |

     Plaintiff Jermaine Robert Blair is a prisoner proceeding in this Section 1983 civil rights action *pro se* and *in forma pauperis*. [Doc. Nos. 3, 6.]   In his First Amended Complaint (FAC), plaintiff alleges his constitutional rights under the First and Eighth Amendments were violated by a correctional officer while he was housed at Centinela State Prison.  More specifically, the FAC alleges that defendant Herrera-Salazar conducted a sexually motivated body cavity search on plaintiff and then retaliated against plaintiff by filing an "obscure and nebulous" Rules Violation Report (RVR) against him because he reported the alleged sexual misconduct to defendant's supervisor.  [Doc. No. 4, at pp. 3-5.]

     Before the Court is defendant Herrera-Salazar's Motion to Dismiss [Doc. No. 10] and plaintiff's Opposition thereto [Doc. No. 13].   In the Motion to Dismiss, defendant

1  Herrera-Salazar argues that the retaliation claim against him should be dismissed under
2  Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, because there are no
3  allegations in the FAC to indicate defendant knew plaintiff reported alleged sexual
4  misconduct before deciding to issue the RVR against plaintiff.  [Doc. No. 13, at pp. 4-5.]
5  Plaintiff's Opposition argues that the Court should not dismiss the retaliation claim,
6  because a factfinder could infer retaliation based on the allegations in the FAC.  [Doc.
7  No. 13, at pp. 1, 3.]  For the reasons outlined more fully below, IT IS RECOMMENDED
8  that the District Court DENY defendant's Motion to Dismiss.

### ***Background***

In an Order filed on September 5, 2019, the District Court dismissed claims against several defendants named in the original Complaint because the allegations failed to state a claim and the claims were improperly joined.  Plaintiff was granted leave to amend his First Amendment retaliation claim against defendant Herrera-Salazar only.  [Doc. No. 3, at p. 15.]  The FAC includes two counts against defendant Herrera-Salazar:  (1) violations of the Fourth and Fourteenth Amendments and the Eighth Amendment based on plaintiff's allegations of a sexually motivated body cavity search; and (2) a violation of the First Amendment based on allegations that defendant issued a retaliatory RVR against plaintiff because he reported alleged sexual misconduct to defendant's supervisor.  [Doc. No. 4, at pp. 4-5.]  The FAC does not identify any other defendants.  [Doc. No. 4, at pp. 1-2.]

In Count 1, the SAC alleges plaintiff submitted to an unclothed body cavity search by defendant Herrera-Salazar on July 16, 2017 "prior to the 2:30 p.m. yard release," so that he could be admitted to a recreation area.  As part of the unclothed body cavity search, plaintiff was required to lift his genitalia, squat, and cough.  When the search was complete, plaintiff proceeded to grab his clothing from the "tray slot," so he could get dressed and be cuffed for escort to the recreation area.  However, the FAC alleges defendant Herrera-Salazar indicated he needed to "see again" using a flashlight in a fully illuminated cell.  In response, plaintiff indicated he did not believe there was a need to

conduct the search again.  To support the contention there was no need for a second body cavity search using a flashlight, the FAC alleges that ASU Sergeant Tovar was located "down the hallway" and was using a hand-held wand to complete another search.  [Doc. No. 4, at p. 3.]

Plaintiff allegedly advised defendant Herrera-Salazar he was not comfortable with the situation and told him to "get another officer or the Sergeant."  [Doc. No. 4, at p. 3.]  However, the FAC alleges defendant Herrera-Salazar "rebuffed" plaintiff's request and threatened to deny plaintiff access to the recreation area.  Reluctantly, plaintiff submitted to the second body cavity search by defendant Herrera-Salazar with a flashlight, so he would not be denied access to the recreation area.  [Doc. No. 4, at p. 3.]  The FAC further alleges there was "no legitimate penological interest" for the second body cavity search, and this invasive search was conducted by defendant Herrera-Salazar "solely for his own sexual gratification in a remote and isolated section of the prison, with the expectation his deviant behavior would go undetected."  [Doc. No. 4, at p. 4.]  The FAC further alleges plaintiff was "mentally and emotionally traumatized" by the incident and has received treatment.  [Doc. No. 4, at p. 4.]  Exhibit A to the FAC is a copy of mental health records indicating plaintiff obtained treatment from a mental health care professional because of the alleged sexual misconduct.  [Doc. No. 4, at pp. 9-16.]

In Count 2, the FAC alleges defendant Herrera-Salazar "subsequently violated" plaintiff's rights under the First Amendment by issuing an RVR.  According to the FAC, defendant Herrera-Salazar issued the RVR "due to" plaintiff reporting the alleged "sexual misconduct" to defendant's direct supervisor, Sergeant Tovar.  Count 2 further alleges plaintiff was not advised of the RVR until after he reported the alleged sexual misconduct.  In the RVR, plaintiff was allegedly "written up for the obscure and nebulous violation of Delaying a Peace Officer in the Performance of Duties."  [Doc. No. 4, at p. 5.]  It is further alleged in Count 2 that defendant Herrera-Salazar's actions "chilled the exercise of [plaintiff's] 1st amendment right and served no legitimate penological interest."  [Doc. No. 4, at p. 5.]

## *Discussion*

**I.     Motion to Dismiss Standards.**

A plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside*, 534 F.3d at 1121. A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether the plaintiff has alleged enough facts to state a claim, a District Court may consider "material which is properly submitted as part of the complaint," such as an attached exhibit. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989).

When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). However, it is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[T]hreadbare recitals" of the elements of a cause of action, "supported by mere conclusory statements," are not enough. *Ashcroft v. Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

On the other hand, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. at 94. Particularly in civil rights cases, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

## II.     *Defendant's Motion to Dismiss Plaintiff's Retaliation Claim.*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). The filing of a grievance against a prison official is a protected activity. *Id.*

In reviewing the same or similar allegations in plaintiff's original Complaint [Doc. No. 1, at p. 6], the District Court stated in its Order of September 5, 2019, that plaintiff's retaliation allegations arguably satisfied the first three elements of a claim for retaliation, because they claim defendant Herrera-Salazar took an adverse action against plaintiff by issuing an RVR against him for reporting defendant's alleged "sexual misconduct" to Sergeant Tovar. [Doc. No. 3, at p. 8.] Regardless, defendant's Motion to Dismiss challenges the second element of causation in plaintiff's retaliation cause of action, arguing that plaintiff's "own allegations contradict the claim." [Doc. No. 10, at p. 4.]

According to defendant Herrara-Salazar, the RVR could not have been issued in retaliation for plaintiff reporting alleged sexual misconduct to Sergeant Tovar for two reasons. First, there is no allegation indicating defendant Herrera-Salazar knew about the report of sexual misconduct to Sergeant Tovar before he decided to issue the RVR, and, as a result, he could not have issued the RVR *because* plaintiff reported the alleged sexual misconduct. Second, plaintiff's allegations indicate that an RVR was "in the

works immediately after the incident," so defendant could not have issued the RVR *because* plaintiff reported alleged sexual misconduct to Sergeant Tovar.  [Doc. No. 10, at pp. 4-5.]  To support his arguments, defendant Herrera-Salazar refers to the FAC and two exhibits attached to the FAC:  (1) the RVR signed by defendant Herrera-Salazar on July 17, 2017 concerning the July 16, 2017 incident; and (2) plaintiff's Form 602 inmate appeal ("grievance") complaining about the incident on July 16, 2017.  [Doc. No. 10, at p. 5, referring to the FAC, Doc. No. 4, at pp. 18, 23.]

In his Opposition to defendant's Motion to Dismiss, plaintiff argues that defendant Herrara-Salazar "inaccurately depicts the sequence of events."  [Doc. No. 13, at p. 1.]  According to plaintiff, the sequence of events is as follows:  (1) plaintiff reported sexual misconduct to Sergeant Tovar immediately following the incident and Sergeant Tovar said he would have to notify his Lieutenant; (2) Sergeant Tovar returned about 20 minutes later and advised plaintiff he would be receiving an RVR.  [Doc. No. 13, at pp. 2-3.]  This sequence of events is consistent with allegations in the FAC and the grievance attached at Exhibit B.  [Doc. No. 4, at pp. 3-5, 23.]  Plaintiff believes his allegations state a claim for retaliation, because a factfinder could reasonably infer from this sequence of events that Sergeant Tovar spoke to defendant Herrera-Salazar "in the midst of contacting the Lieutenant" to inquire about the incident and that defendant then decided to issue the RVR in retaliation.  [Doc. No. 13, at pp. 2-3.]

A cause of action for retaliation "must allege a causal connection between the adverse action and the protected conduct."  *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).  However, "[b]ecause direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegations of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal."  *Id.* citing *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Here, the retaliation cause of action in the FAC alleges that defendant issued a retaliatory RVR "*due to* my reporting of his sexual misconduct. . . ." and also references

6

19cv1261-DMS(KSC)

Exhibit B to the FAC.  [Doc. No. 4, at p. 5 (emphasis added).]  Exhibit B to the FAC includes a copy of the grievance (Form 602) that plaintiff submitted to prison officials after the alleged incident of sexual misconduct.  This grievance does allege there is a temporal connection between plaintiff's reporting of the alleged sexual misconduct to Sergeant Tovar and defendant Herrera-Salazar's decision to issue an RVR.[1]  In this regard, the grievance states as follows:  "On 7-16-17 I was subjected to sexual misconduct by c/o Herrera Salazar.  Subsequent to this incident I informed ASU Sgt Tovar of the situation.  He informed me he was going to inform the Lt [name not provided].  *He returned to my cell shortly thereafter and stated I was going to receive a write-up for delaying a peace officer*. . . ."  [Doc. No. 4, at p. 23 (emphasis added).]

As plaintiff argues in his Opposition, it is possible that a factfinder could infer from the timing and sequence of events alleged in the FAC and the RVR attached at Exhibit B that Sergeant Tovar spoke to defendant Herrera-Salazar "in the midst of contacting the Lieutenant" to inquire about the incident and that defendant decided to issue an RVR in retaliation because plaintiff reported the alleged sexual misconduct.  [Doc. No. 13, at pp. 2-3, referring to FAC, Doc. No. 4, at p. 5.]  The FAC also alleges the charge in the RVR, delaying a peace officer, was "obscure and nebulous." [Doc. No. 4, at p. 5.]  Read liberally, this allegation indicates plaintiff contends that the charge in the RVR is so insignificant or trivial that it would not have been issued but for the report of alleged sexual misconduct.  In sum, contrary to defendant's argument, it is this Court's view that plaintiff has adequately pled the causation element of a First Amendment retaliation claim.

---

[1]   In ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider documents attached to the complaint and documents incorporated by reference in the complaint. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

It is also this Court's view that plaintiff has adequately plead the remaining fourth and fifth elements of a First Amendment retaliation claim.  As to the fourth element, the plaintiff must allege that an official's act "would chill or silence a person of ordinary firmness from future First Amendment activities."  *Watison*, 668 F.3d at 1114, citing *Rhodes v. Robinson*, 408 F.3d at 568.  Alternatively, a plaintiff who does not allege a "chilling effect" may still state a viable claim for retaliation by alleging "he suffered some other harm" that is "more than minimal."  *Id.*

Here, the FAC includes an allegation that defendant's act of issuing the RVR "chilled" the exercise of plaintiff's First Amendment right."  [Doc. No. 4, at p. 5.]  The FAC does not allege any specific harm plaintiff may have suffered because defendant issued the RVR against him.  However, construed liberally, plaintiff's allegation that the issuance of an RVR "chilled" the exercise of his First Amendment right is adequate.  Arguably, the issuance of an "obscure and nebulous" RVR "due to" reporting sexual misconduct could possibly deter an ordinary person from exercising First Amendment rights in the future, so the FAC adequately pleads this element.

As to the fifth and final element of a viable claim of First Amendment retaliation, the plaintiff must allege that the official's retaliatory action "did not advance legitimate goals of the correctional institution."  *Watison*, 668 F.3d at 1114-1115.  "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were unnecessary to the maintenance of order in the institution."  *Id.* at 1114-1115 (internal citations and quotations omitted).

Here, in addition to the retaliatory motive discussed above, the FAC alleges that defendant's actions "served no legitimate penological interest."  [Doc. No. 4, at p. 5.]  If defendant's motive for issuing the RVR was retaliatory, no legitimate penological interest would be served.  *See, e.g., Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1184 (S.D. Cal. 2009) (filing false charges against an inmate and placing him in Administrative Segregation for his attempt to settle a claim prior to filing a lawsuit does not preserve

institutional order and discipline and does not advance a legitimate correctional goal). As noted above, the FAC alleges that the charge against plaintiff in the RVR, delaying a peace officer, was "obscure" and "nebulous." [Doc. No. 4, at p. 5]  Again, read liberally, these allegations indicate plaintiff contends that issuing the RVR against him may have been arbitrary or capricious and/or unnecessary "to the maintenance of order in the institution," because the charge in the RVR is so insignificant or trivial that it would not have been issued but for the report of alleged sexual misconduct.  *See, e.g., Watison*, 668 F.3d at 1114-1116 (indicating a lack of penological interest was implicit in the prisoner's allegation that a correctional officer threatened to punch him).  Therefore, if construed liberally, the FAC adequately pleads this final element of a First Amendment retaliation claim.

In sum, if the allegations in the FAC are afforded liberal construction, taken as true, and viewed in the light most favorable to plaintiff, they are adequate to state a viable First Amendment retaliation claim against defendant.  Contrary to defendant's contention in the Motion to Dismiss, the FAC adequately alleges the causation element of plaintiff's First Amendment retaliation claim against defendant.

### *Conclusion*

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to Title 28, United States Code, Section 636(b)(1).  For the reasons outlined above, IT IS RECOMMENDED that the District Court DENY defendants' Motion to Dismiss, because the allegations in the FAC are adequate to state a First Amendment retaliation claim against defendant.

IT IS HEREBY ORDERED that ***no later than October 5, 2020*** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

///

///

9

19cv1261-DMS(KSC)

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties ***no later than <u>November 19, 2020</u>***. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 21, 2020

Hon. Karen S. Crawford
United States Magistrate Judge